IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA WALTHAW, | ) | CASE NO. 5:24-CV-01897-SO |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| vs. | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MAGISTRATE JUDGE |
| SECURITY, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |

Plaintiff, Tonya Walthaw ("Plaintiff" or "Walthaw"), challenges the final decision of Defendant, Frank Bisignano,[1] Commissioner of Social Security ("Commissioner"), denying her application for Disabled Widow's Benefits ("DWB"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.  For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

## I.  PROCEDURAL HISTORY

On May 8, 2018, Walthaw filed an application for DWB, based on the earnings record of her deceased ex-husband. (Transcript ("Tr.") 172-72.) The application was denied initially and upon reconsideration, and Walthaw requested a hearing before an administrative law judge ("ALJ").  (*Id*. at 97, 100, 102-104, 107.)  On July 21, 2021, the ALJ issued an adverse decision, concluding Walthaw was not eligible to received DWB because she was already receiving a higher disability benefit based on her own

_____

[1] On May 7, 2025, Frank Bisignano became the Commissioner of Social Security.

earnings record. (*Id*. at 89-90.) On February 3, 2023, the Appeals Council vacated and remanded the decision because the ALJ did not properly advise Walthaw of her right to hire representation, and because the ALJ had referenced the calculation formula for DWB for months prior to 1983. (*Id*. at 93-94.)

On June 23, 2023, on remand, the ALJ held a hearing, during which Walthaw testified.  (*Id*. at 39-48.)  On August 2, 2023, the ALJ issued a written decision finding Walthaw was not eligible for DWB because the amount of disability insurance benefits she receives on her own exceeds the amount of DWB she might have otherwise received based on her deceased former husband's earnings.  (*Id*. at 33-35.)  The ALJ's decision became final on August 27, 2024, when the Appeals Council declined further review.  (*Id*. at 1-3.)

On October 30, 2024, Walthaw filed her Complaint to challenge the Commissioner's final decision. (Doc. No. 1.)  The parties have completed briefing in this case.  (Doc. Nos. 9, 12.) Walthaw asserts it was error to determine she was not eligible for both Disability Insurance Benefits ("DIB") and DWB.[2] (Doc. No. 9.)

---

[2] Walthaw also briefly mentions she feels "misinformed" about SSI benefits. (Doc. No. 9.) In May 2018, she applied for SSI benefits and later withdrew her application. (Tr. 26.) None of the notices of hearing listed the withdrawn SSI application as an issue to be decided by the ALJ. (*Id*. at 121, 163.) The ALJ did not discuss the withdrawn SSI application in either decision. Walthaw did not properly exhaust her administrative remedies as to this concern, therefore, it is not before this Court. *Pohlmeyer v. Sec'y of Health & Hum. Servs.*, 939 F.2d 318, 320 (6th Cir. 1991) (a claimant must exhaust his administrative remedies and the Secretary must issue a final decision to establish federal court jurisdiction).

## II.    EVIDENCE

**A.**            **Personal Evidence[3]**

Walthaw was born in 1962. (Tr. 67.) She is disabled. (*Id*. at 83.) She receives DIB based on her own earnings record. (*Id*. at 103.) She was married to Alex Walthaw from January 4, 1984 until they divorced on June 4, 1997. (*Id*. at 34.)  Alex Walthaw died on April 14, 2014. (*Id*. at 15.)

**B.    Hearing Testimony**

During the June 21, 2023 hearing, Walthaw testified to the following:

- She is currently receiving benefits. (*Id*. at 44.) She was found to be disabled. (*Id*.) The only issue here is whether she is "entitled to Disability Widow Benefits based on a divorced spouse." (*Id*.) When she filled out her applications, no one told her that she could not receive both DIB and DWB benefits. (*Id*. at 44-45.)

## III.    STANDARD FOR DISABILITY

A disabled claimant may be entitled to receive DWB benefits. 20 C.F.R. § 404.331. To receive DWB benefits, a claimant must meet certain requirements, such as not being remarried and meeting age restrictions, among others. 20 C.F.R. § 404.336; 42 U.S.C. § 402(e). If an individual is entitled to both DIB and DWB for the same month, the DWB amount must be reduced by an amount equal to the amount of the DIB benefit.  42 U.S.C. § 402(k)(3)(a); 20 C.F.R § 404.407(a); see also 20 C.F.R. § 404.401(a)(3) ("A reduction of a person's monthly benefit is required . . . where an individual is entitled to . . . disability insurance benefits in addition to another monthly benefit.")

The Program Operations Manual System ("POMS"), the official policy and procedure manual for the SSA, explains: "If the claimant is entitled to a widow(er)'s benefit and an equal or higher DIB, only the DIB is payable under the simultaneous entitlement provision." POMS RS 00207.002B.2.

---

[3] Because this case solely considers a legal issue, the relevant evidence included here is limited. Discussion of vocational and medical evidence and State Agency reports is irrelevant and unnecessary for the resolution of this Social Security appeal.

## IV.  SUMMARY OF COMMISSIONER'S DECISION

The ALJ made the following findings of fact and conclusions of law:

1.  Alex Walthaw, Jr. was not entitled to Social Security benefits before his death on April 14, 2014.

2.  Alex Walthaw, Jr. married the claimant on January 4, 1984, and they divorced on June 4, 1997.

3.  The claimant, who was born on January 6, 1962, filed for disabled widow's benefits on May 8, 2018, on the record of Alex Walthaw, Jr.

4.  The claimant does not qualify for disabled widow's benefits as a divorced spouse because the amount of disability insurance benefits she receives on her own records exceeds the amount of widow's insurance benefits she might otherwise have received based on her former husband's earnings. See POMS RS 00207.002.

(Tr. 34.)

## V.  STANDARD OF REVIEW

The Social Security Act authorizes narrow judicial review of the final decision of the Social Security Administration (SSA)." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011). Specifically, this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence has been defined as "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  In determining whether an ALJ's findings are supported by substantial evidence, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Review of the Commissioner's decision must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The findings of the Commissioner are not subject to reversal, however, merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached."). This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g., White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir. 1996)); *accord Shrader v. Astrue*, No. 11-1300, 2012 WL 5383120, at *6 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, No. 1:10-cv-734,

5

2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, No. 2:10-CV-017, 2010 WL 2837260

(E.D. Tenn. July 19, 2010); *Hook v. Astrue*, No. 1:09-cv-1982, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## VI.  ANALYSIS

In her sole assignment of error, Walthaw claims she is entitled to both DIB and DWB. (Doc. No. 9.)

In response, the Commissioner argues there is no legal authority for Walthaw to receive both benefits and

there is substantial evidence to support the ALJ's decision. (Doc. No. 12.)

Here, the ALJ applied the proper legal standards, citing POMS RS 00207.02. The ALJ wrote:

> Here, the claimant's monthly disability benefit based on her own earnings
> for November 2017 was $1,099.20 a month (see Ex. 4B, p. 2). In
> comparison, the monthly disabled widow's benefits amount for November
> 2017, based on Mr. Walthaw's earnings, was $621.60 a month (see Ex. 4B,
> p. 3). Moreover, in each year since, the claimant's monthly disability benefit
> based on her own earnings has exceeded the amount of widow's insurance
> benefits she might otherwise have received based on her former husband's
> earnings. For example, the claimant's monthly disability benefit for
> December 2019, based on her own earnings, was $1,175.30 a month (see
> Ex. 4B, p. 2). In comparison, the monthly disabled widow's benefit amount
> for December 2019, based on Mr. Walthaw's earnings, was $662.00 a
> month (see Ex. 4B, p. 3).
>
> Again, the law does not allow in [a] case like this for an individual to receive
> disabled widow's benefits in addition to a higher disability insurance benefit
> based on the individual's own earnings. See POMS RS 00207.002. In
> requesting a hearing, and in the testimony given at her two hearings, the
> claimant did not raise any legal challenges to this policy. Rather, the
> claimant asked the undersigned to award her both benefits because she was
> financially insecure and needed both. However, the undersigned has no
> authority to do so.

(Tr. 34.) The ALJ relied on the proper legal authority, which does not allow for an individual to receive both

DWB and a higher DIB amount. *White*, 572 F.3d at 281. The ALJ compared Walthaw's monthly DIB

amount to the potential monthly DWB amount based on Mr. Walthaw's earnings in both November 2017

and December 2019. The ALJ explained that the DIB amount Walthaw receives is higher than the amount

of DWB she might have otherwise received based on Mr. Walthaw's earnings. The ALJ's opinion is

6

supported by substantial evidence. *Rogers*, 486 F.3d at 241. While the Court recognizes Walthaw may need greater financial support, there is simply no legal authority to authorize payment of both DIB and DWB.

### VII.    CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

Date: September 9, 2025                                      *s/ Jonathan Greenberg*
                                                             Jonathan D. Greenberg
                                                             United States Magistrate Judge

### <u>OBJECTIONS</u>

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**