UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


TONYA WALTHAW, *Pro Se,*          )          Case No.: 5:24 CV 1897
                                  )
        Plaintiff                 )          JUDGE SOLOMON OLIVER, JR.
                                  )
        v.                        )
                                  )
COMMISSIONER OF SOCIAL            )
SECURITY ADMINISTRATION,          )
                                  )
        Defendant                 )          <u>ORDER</u>


The Commissioner of the Social Security Administration (the "Commissioner") denied Disabled Widow's Benefits ("DWB") to *Pro Se* Plaintiff Tonya Walthaw ("Plaintiff" or "Walthaw"). In the above-captioned case, Walthaw seeks judicial review of the denial of benefits, on the grounds that the Administrative Law Judge ("ALJ") erroneously found her ineligible for DWB. (ECF No. 1.)

Walthaw already receives Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. On May 8, 2018, she filed an application to also receive DWB on the record of her ex-husband, which was denied. Walthaw was granted a hearing before an ALJ regarding the denial of her application. The ALJ determined she was ineligible under the legal requirements for benefits, because she already received individual disability benefits in an amount greater than she would receive from DWB. (*See* ECF No. 13, R. & R. at PageID 254 (citing 42 U.S.C. § 402(K)(3)(A); 20 C.F.R. §§ 404.407(a), 404.401(a)(3)).) On February 3, 2023, the Appeals Council vacated and remanded the decision, because the ALJ did not advise Walthaw of the right to representation and

used an improper calculation formula for DWB. At the hearing on remand, on June 23, 2023, the ALJ again denied DWB due to ineligibility. The Appeals Council declined further review on August 27, 2024, finalizing the Commissioner's denial of DWB.

On October 30, 2024, Walthaw filed the instant Complaint (ECF No. 1), arguing she is entitled to both DIB and DWB.[1] Under Local Rule 72.2(b)(2), the matter was referred to Magistrate Judge Jonathan D. Greenberg ("Judge Greenberg" or the "Magistrate Judge") for preparation of a Report & Recommendation ("R&R"). (ECF No. 13.) Walthaw submitted her Brief on the Merits (ECF No. 9) on March 13, 2025, and the Commissioner filed his Brief on the Merits (ECF No. 12) on April 11, 2025. Walthaw requests that the court reverse the ALJ's decision, believing she is entitled to receive DWB as well as DIB. (Pl.'s Compl. at PageID 3–4; Pl.'s Br. at PageID 234–36.) The Commissioner seeks judgment from the court affirming the ALJ's decision, because "the ALJ correctly explained that there was no legal authority for her to receive payment of both benefits." (Def.'s Br. at PageID 246.)

On September 9, 2025, Judge Greenberg submitted his R&R, recommending that the court affirm the Commissioner's final decision. (R. & R. at PageID 257–58.) Specifically, Judge Greenberg explained that "the ALJ applied the proper legal standards, citing POMS RS 00207.02 . . . which does not allow for an individual to receive both DWB and a higher DIB amount." (R. & R. at PageID 257 (citing Tr. 34; *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009)).)

---

[1]    Walthaw's Brief also mentions that she feels she was "misinformed about [her] SSI benefits," referring to her application and later withdrawal for Social Security Income benefits in 2018. (Pl.'s Br. at PageID 235.) She provides no specific allegations as to how she was misled. Regardless, as Judge Greenberg explains, the SSI application was never listed as an issue in the ALJ notices of hearing, nor discussed in either ALJ decision. Therefore, that issue was not administratively exhausted, and it is not before the court. (R. & R. at PageID 253 n. 2. *See also* Def.'s Br. at PageID 247–49.)

Furthermore:

> The ALJ compared Walthaw's monthly DIB amount to the potential monthly DWB amount based on Mr. Walthaw's earnings in both November 2017 and December 2019. The ALJ explained that the DIB amount Walthaw receives is higher than the amount of DWB she might have otherwise received based on Mr. Walthaw's earnings. The ALJ's opinion is supported by substantial evidence.

(*Id*. at PageID 257–58 (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).) Accordingly, Judge Greenberg concluded that, "[w]hile the [c]ourt recognizes Walthaw may need greater financial support, there is simply no legal authority to authorize payment of both DIB and DWB." (*Id*. at PageID 258.) The R&R notified the parties that any specific objections to its findings were due within fourteen days. (*Id*.)

Neither party has objected to Judge Greenberg's R&R. In the absence of specific objections to the Magistrate Judge's findings or recommendations, "[a] reexamination of the exact same argument that was presented to the Magistrate Judge . . . wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard v. Sec'y of Health and Hum. Servs.,* 932 F.2d 505, 509 (6th Cir. 1991)). Because no objection has been filed here, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes. After careful review of the R&R, and the associated record, the court finds no clear error on the face of Judge Greenberg's R&R.

Accordingly, the court adopts Judge Greenberg's Report and Recommendation (ECF No. 13) as its own. The court hereby affirms the Commissioner's final decision denying Plaintiff's application for Disabled Widow's Benefits, finding the decision to be supported by substantial

-3-

evidence and made pursuant to an application of the proper legal standards.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

November 12, 2025

-4-